IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 09-cv-00369-WDM-BNB

KARENE'E WILLIAMS,

    Plaintiff,

v.

M & T BANK, as successor by merger to M & T Mortgage Corporation,

    Defendant.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This case is before me on the recommendation of Magistrate Judge Boyd N. Boland (ECF No. 109), filed October 5, 2010, that Plaintiff's Motion to Rescind Settlement Agreement (ECF No. 86) be denied. Plaintiff did not file an objection to the recommendation and is therefore not entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons that follow, I will accept the recommendation.

The details of the case are set forth in full in the recommendation and I will not repeat them here. In short, however, this case concerns a failed mortgage loan. Plaintiff defaulted on a home loan from Defendant M & T Bank ("M & T"). M & T foreclosed and Plaintiff filed this action alleging that M & T had agreed to modify the loan but then did not follow through. Magistrate Judge Boland held a settlement conference on March 29, 2010, and a settlement was reached whereby Plaintiff would obtain a new loan from a third party lender and purchase the residence from M & T.

Thereafter, Plaintiff filed her Motion to Rescind Settlement Agreement, alleging mutual mistake. Specifically, Plaintiff asserts that Fannie Mae guidelines preclude her from obtaining new financing for the property because of the foreclosure. Defendant disputes this, arguing that the guidelines only apply to conforming loans, *i.e.*, loans that can be purchased by Fannie Mae or Freddie Mac on the secondary market. Defendant notes that the settlement agreement did not require Plaintiff to obtain a conforming loan or specify in any way what type of loan Plaintiff should obtain.

Magistrate Judge Boland held a hearing on the Motion to Rescind on September 20, 2010. In the recommendation, after a review of Colorado law regarding contract formation and settlement agreements, as well as the role of Fannie Mae in the mortgage market, he concludes that there was a clear and unambiguous settlement agreement and no mutual mistake of fact. He found that there was no agreement that Plaintiff would obtain a Fannie Mae qualifying loan and that any difficulty Plaintiff has in obtaining a new loan from another lender is a mistaken contingency, which does not justify rescission.

I agree with Magistrate Judge Boland's analysis and will accept the recommendation in its entirety.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Boyd N. Boland (ECF No. 109), is accepted.

2. Plaintiff's Motion to Rescind Settlement Agreement (ECF No. 86) is denied.

DATED at Denver, Colorado, on November 2, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge